# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

AMANDA POPE and RICH POPE,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

CASE NO. 3:17-cv-05868-RJB

ORDER DENYING DEFENDANT UNITED STATES OF AMERICA'S MOTIONS (1) TO DISMISS FOR FAILURE TO STATE A CLAIM AND (2) TO STAY DISCOVERY

THESE MATTERS come before the Court on Defendant United States of America's Motion to Dismiss for Failure to State a Claim (Dkt. 8) and Defendant United States of America's Motion to Stay Discovery (Dkt. 13). The Court has considered the Complaint (Dkt. 1), the pleadings of the parties, and the remainder of the file herein. Because the Complaint states a claim upon which relief can be granted, Defendant's motion to dismiss should be denied. Defendant's motion to stay discovery should be denied as moot.

## BACKGROUND

**A. The Complaint.**

The Complaint arises from the alleged negligent medical services provided by Defendant United States of America at a military hospital, Madigan Army Medical Center (MAMC). Dkt. 1

at ¶1. It is alleged that Plaintiff Amanda Pope suffered "severe neurological damage . . . rendering her unable to breathe without mechanical assistance and ventilation." *Id*. at ¶2. This harm allegedly followed an operation on April 26, 2016, specifically, a "median sternotomy to remove a benign anterior mediastinal mass." *Id*. at ¶5. The negligent care and treatment of MAMC's "employees, agents, and ostensible agents" caused a "bilateral phrenic nerve injury resulting in respiratory failure," which fell below the standard of care owed and required Plaintiff Amanda Pope to undergo diaphragm plications and resulted in post-surgery complications. *Id*. at ¶¶7-10.

The Complaint alleges a single claim for Negligence. Dkt. 1 at ¶¶15-21. The Prayer for Relief seeks general and special damages, including compensation for loss of consortium for Plaintiff Rich Pope, as well as costs and fees. *Id*. at pp. 4, 5.

**B. Procedural history.**

Plaintiff initiated this action by Complaint on October 25, 2017. Dkt. 1. An Initial Scheduling Order issued by Magistrate Judge Theresa Fricke requires the filing of a Joint Status Report (JSR) by January 25, 2018. Dkt. 4. The Initial Scheduling Order also requires a Rule 26(f) Conference by January 11, 2018 and initial disclosures by January 18, 2018. *Id*.

Defendant filed the Motion to Dismiss on January 8, 2018. Dkt. 8. The motion seeks dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and is noted for January 26, 2018. *Id*. On January 17, 2018, Defendant filed a Motion to Stay Discovery, seeking relief from all Initial Scheduling Order deadlines, including the Rule 26(f) deadline, which had elapsed prior to the filing of the motion. Dkt. 13. *See* Dkt. 4. The Motion to Stay Discovery is also noted for January 26, 2018. *Id*.

## STANDARD FOR MOTION TO DISMISS

Rule 8 requires the complaint to be a "short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). To meet this requirement, the Supreme Court has held that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)(internal quotations and citation omitted). In addition, the complaint must include sufficient facts to "cross the line between possibility and plausibility," such that "it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id*. at 995-96. Dismissal under Fed. R. Civ. P. 12(b)(6) is warranted where the complaint lacks sufficient facts or a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

## DISCUSSION

**A. Motion to Dismiss.**

Defendant argues that Plaintiffs failed to plead "any facts supporting their claim," and that, instead, Plaintiffs "provide only a threadbare, conclusory statement that before, during, and after this [medical] procedure, the physicians . . . fell below the applicable standard of care[.]" Dkt. 8 at 2 (internal citations omitted). According to Defendant, "no factual allegations are pled that would establish a reasonable inference" of liability, *id*. at 3 (internal citations omitted), where the Complaint conflates breach and damages and ignores causation. Dkt. 15 at 3. Defendant maintains that it should not be subjected to the high costs of discovery, where the

Complaint has not provided adequate notice of what Defendant must defend against. *Id*. at 4. Defendants do not object to granting Plaintiffs leave to amend the Complaint. *Id*. at 4, FN1.

Plaintiffs contend that the Complaint gives Defendant fair notice of their claim, but requests in the alternative that Plaintiffs be granted leave to amend. Dkt. 12 at 3-6. Plaintiffs argue that this case "can be summed up as follows: during the removal of a tumor from Ms. Pope's mediastinum, both her phrenic nerves were irreparably damaged, and this constitutes medical malpractice." *Id*. at 5.

The Complaint states a claim upon which relief can be granted. First, the Complaint alleges sufficient facts to give Defendant fair notice to defend itself effectively. The specific date (April 26, 2016), location (MAMC), underlying surgery details (median sternotomy to remove a benign anterior mediastinal mass), and post-surgery details (respiratory failure, neurological damage, diaphragm plications) are alleged, giving Defendant an even-handed notice of the underlying factual basis for this lawsuit. Second, the Complaint also alleges a plausible theory such that it is not unfair to subject Defendant to the cost of discovery and potential further litigation. The theory is, apparently, that while Plaintiff Amanda Pope underwent a median sternotomy to remove a benign anterior mediastinal mass at MAMC, Defendant also caused a bilateral phrenic nerve injury, an injury that shows treatment or care below that owed to Plaintiff. While this Court expresses no opinion on whether damaging a phrenic nerve when removing a mediastinal tumor may fall below the standard of care, the Complaint has advanced a plausible theory sufficient to allow the parties to proceed with discovery.

Because the Complaint states sufficient facts and advances a plausible claim for relief, Defendant's motion to dismissal for failure to state a claim should be denied.

**B. Motion to Stay Discovery.**

Defendant's motion seeks to stay discovery pending the resolution of Defendant's Motion to Dismiss. Dkt. 13 at 1. To that extent, Defendant's motion should be denied as moot, because the Court is now issuing an Order on Defendant's Motion to Dismiss.

Defendant's motion also seeks to vacate the deadlines provided in the Initial Scheduling Order. Dkt. 13. *See* Dkt. 4. Defendant's motion was filed <u>after</u> the Rule 26(f) Conference deadline had elapsed and is noted for consideration <u>after</u> the initial disclosures and JSR deadlines have already elapsed. Defendant waited until January 17, 2018 to file its motion, despite the issuance of the Initial Scheduling Order on October 27, 2017. At a minimum, it would seem that Defendant should have filed the motion simultaneous to filing Defendant's Motion to Dismiss, on January 2, 2018. Nonetheless, it appears that the deadlines have not been observed, so they should be reset. To that extent, Defendant's motion should be granted.

\* \* \*

Therefore, it is hereby **ORDERED**:

(1) Defendant United States of America's Motion to Dismiss for Failure to State a Claim (Dkt. 8) is HEREBY DENIED; and

(2) Defendant United States of America's Motion to Stay Discovery (Dkt. 13) is HEREBY DENIED IN PART AS MOOT as to the request to stay discovery pending Defendant's Motion to Dismiss. The motion is GRANTED IN PART as to the Initial Scheduling Order (Dkt. 4) deadlines, which are reset AS FOLLOWS:

| Deadline type: | Former: | Reset: |
| --- | --- | --- |
| FRCP 26(f) conference | 1/11/2018 | 2/8/2018 |
| Initial disclosures | 1/18/2018 | 2/15/2018 |
| JSR/Discovery plan | 1/25/2018 | 2/22/2018 |

1    IT IS SO ORDERED.

2    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

3 to any party appearing *pro se* at said party's last known address.

4    Dated this 29th day of January, 2018.

_[signature: Robert J. Bryan]_

ROBERT J. BRYAN
United States District Judge