# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| AMANDA POPE and RICH POPE, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. 3:17-cv-05868-RJB <br><br> ORDER ON DEFENDANT THE UNITED STATES' MOTION TO CONTINUE TRIAL |

THIS MATTER comes before the Court on Defendant the United States' Renewed Motion to Continue Trial. Dkt. 57. The Court has considered the motion, Plaintiffs' Response, Defendant's Reply, and the remainder of the file herein.

Defendant seeks to continue the trial date of January 14, 2018, attendant trial deadlines, and the deadline for discovery of Nov. 19, 2018. Defendant previously filed a motion to continue trial, which was denied without prejudice on September 27, 2018 on account of Defendant's deficient good cause showing. Dkt. 49.

ORDER ON DEFENDANT THE UNITED STATES' MOTION TO CONTINUE TRIAL - 1

Defendant argues that a continuance is justified by Defendant's diligence and by the need to complete outstanding discovery. Per Defendant, the following discovery remains: (1) hospital records from Mrs. Pope's two-week hospital stay in October of 2018; (2) expert depositions of Dr. Shrager, Dr. Schipper, and Ms. Stajduhar, currently scheduled for November 26, 28, and 29th, respectively; (3) treating provider depositions of Dr. Lobb (primary care physician) and Dr. Malhotra (pulmonologist), not yet scheduled; (4) physical and occupational therapy records discovered as a result of Ms. Pope's independent medical exam (IME).

Plaintiff opposes continuing trial, and in the alternative proposes a continuance to February 25, 2019, based on counsel's availability. Plaintiff opposes trial on several grounds:

> (1) Mrs. Pope will require treatment and periodic hospitalizations for the rest of her life, (2) the expert depositions will be completed by November 28, 2018, and the two remaining treating provider depositions will be scheduled shortly, and (3) a couple physical therapy and occupational therapy notes are not a sufficient basis to delay trial, especially given that Defendant's experts have opined Mrs. Pope does not need such therapies.

Dkt. 60 at 6.

Under Rule 16, case scheduling orders may be modified upon a showing of good cause and with the judge's consent. W.D.Wash. LCR 16(b)(5); Fed. R. Civ. P. 16(b)(4). "Mere failure to complete discovery . . . does not constitute good cause." *Id*. The Rule 16 good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir.1992). Courts may also consider prejudice to the party opposing the continuance. *Id*. at 609.

Defendant has demonstrated its diligence in pursuing discovery. Since the prior order was issued denying the continuance without prejudice, the parties have engaged in substantial and meaningful discovery exchange. *See* Dkt. 59 at ¶7; Dkts. 59-1 to 51-9, 59-10; Dkt. 61 at 6, 7, 89,

90. Diligence is the touchstone of good cause, a showing that Defendant has satisfied. A continuance is warranted.

The more difficult issue is the duration for the continuance. Plaintiff proposes continuing trial six weeks to February 25, 2019, a date that Plaintiff has acknowledged may conflict with other trials of this Court. After that date, Plaintiff's counsel is unavailable until May of 2019. Continuing trial until May of 2019, Plaintiff argues, is not justified by Defendant's showing, and such a delay would prejudice Plaintiff, who is in fragile health.

Defendant has proposed a two month timeframe for continuing trial. Dkt. 57 at 9. *See also*, Dkt. 59-10 at 2 (Plaintiff's counsel proposed by email a continuance of two months for trial and two weeks for discovery). It is not clear from Defendant's Reply why continuing trial to February 25, 2019 would not be acceptable, where all but two depositions are already scheduled, and Plaintiff has not opposed third party discovery by Defendant. Under the circumstances, the Court finds that a continuance to February 25, 2019 is appropriate.

As Plaintiff acknowledges, resetting trial to February 25, 2019 runs the risk that trial may not commence on that date, because several other matters have already been scheduled and have a priority over this case. Such is the hazard of trial settings.

* * *

THEREFORE, it is HEREBY ORDERED that Defendant the United States' Renewed Motion to Continue Trial is GRANTED.

The Scheduling Order (Dkt. 20) is HEREBY AMENDED to the following:

| | |
|---|---|
| Trial: | February 25, 2019 at 9:30am |
| Pretrial Conference: | February 15, 2019 at 8:30am |
| Trial Brief Deadlines: | February 15, 2019 |

| | | |
|---|---|---|
| Pretrial Order Deadline: | | February 8, 2019 |
| Motions in Limine Deadline: | | January 28, 2019 |
| Discovery Deadline: | | December 14, 2018 |

No other deadlines are modified.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of November, 2018.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge